The Honorable Rebecca McDowell Cook Missouri Secretary of State State Capitol Building Jefferson City, MO 65101
Dear Secretary Cook:
This opinion letter is in response to your request for our review under Section 116.332, RSMo Supp. 1997, for sufficiency as to form of an initiative petition proposing the following language: "The constitution of Missouri will recognize that person hood and humane life begins at and exist at the embryonic stage." A copy of the initiative petition which you submitted to this office on January 12, 1998, is attached for reference.
We conclude the petition must be rejected as to form for the following reasons:
1. The petition does not contain an enacting clause as required by Article III, Section 50 of the Missouri Constitution. Article III, Section 50 requires the enacting clause on petitions for constitutional amendments to be "Be it resolved by the people of the state of Missouri that the Constitution be amended."
2. In the paragraph of the petition commencing "We, the undersigned, registered . . .," the language proposed is referred to as "proposed law (or amendment to the constitution)." Section116.040, RSMo Supp. 1997, in setting forth the form of an initiative petition, indicates that "law" or "amendment to the constitution," whichever is appropriate, should be inserted in this paragraph of the petition. Assuming the language proposed is an "amendment to the constitution," this paragraph should refer to an "amendment to the constitution" and the reference to proposed law should be deleted.
3. In the paragraph of the petition commencing "We, the undersigned, registered . . .," the date of the general election at which the language proposed by the petition is to be submitted to the voters has been left blank. The appropriate date should be inserted rather than blanks appearing in the petition form.
4. The language proposed to be added, presumably to the Missouri Constitution, is not underlined. Section 116.050, RSMo Supp. 1997, requires all new matter to be underlined.
5. The sentence at the top of the petition commencing "It is a class A . . ." refers to the petition as a "referendum." The form of initiative petition set forth in Section 116.040 provides for the term "initiative petition" to be used in this sentence, not "referendum."
6. The sentence at the top of the petition commencing "It is a class A . . ." omits the word "sign" at one location. Section116.040 provides for the word "sign" to appear following the words "knowingly to" so that the phrase reads "or knowingly to sign his name more than once for the same measure for the same election."
The deficiencies set forth above, both the number of deviations from the required form and the significance of some of those deviations, causes us to reject the petition as to form.
Because of our rejection of the form of the petition for the reasons stated above, we have not reviewed the petition to determine if additional deficiencies exist.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure